**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>RPRGA Properties LLC, et al.,<br><br>Defendants. | No. CV-24-01039-PHX-KML<br><br>**ORDER** |

    Plaintiff Joe Hand Promotions, Inc., requests the court enforce an alleged settlement agreement between it and defendants RPRGA Properties LLC and Guadalupe M. Galvaiz. "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). But a "court may enforce only *complete* settlement agreements." *Id.*

    "[S]tate contract law governs whether [parties] reached an enforceable agreement settling" federal claims. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). Under Arizona law, an enforceable contract requires "an offer, an acceptance, consideration, and sufficient specification of terms so that obligations involved can be ascertained." *Contempo Const. Co. v. Mountain States Tel. & Tel. Co.*, 736 P.2d 13, 15 (Ariz. Ct. App. 1987). Based on the evidence plaintiff provided, the parties agreed to settle their dispute for $6,000, but plaintiff provided no evidence of any other terms the parties agreed upon. The emails attached to plaintiff's motion establish defendants offered $6,000 "to settle this matter" and plaintiff was "willing to accept a lump sum of $6,000 paid in 10 days." (Doc. 13-1 at 2.)

The email from plaintiff's counsel, however, also states counsel would "provide [defendants] a proposed settlement agreement for [their] review." (Doc. 13-1 at 2.)

The reference to a "settlement agreement" indicates the parties anticipated additional terms beyond merely the payment of $6,000. Those terms likely were material as it would be unusual for defendants to agree to pay $6,000 without an assurance that plaintiff was releasing its claims. At the very least, the present motion to enforce the settlement agreement does not establish the parties "mutually consent[ed] to all material terms." *Hill-Shafer P'ship v. Chilson Fam. Tr.*, 799 P.2d 810, 814 (Ariz. 1990). Therefore, there is no settlement agreement for the court to enforce. *Cf. Nesbitt v. City of Bullhead City*, No. CV-18-08354-PCT-DJH, 2020 WL 6262396, at *4 (D. Ariz. Oct. 23, 2020) (finding enforceable agreement because the evidence made "clear that the sum was not the *only* point of agreement").

The complaint was filed in May 2024, defendants were served that same month, yet defendants have not appeared. Because of the confusion surrounding the attempted settlement, defendants are given additional time to respond to the complaint. If defendants do not respond to the complaint, plaintiff must seek entry of defaults and default judgment. Plaintiff is required to personally serve a copy of this order on defendants.

Accordingly,

**IT IS ORDERED** the Motion to Enforce (Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** within ten days of this order plaintiff shall serve a copy of this order on defendants and file proof of service on the docket.

**IT IS FURTHER ORDERED** defendants must respond to the complaint within ten days of receiving this order.

/
/
/
/
/

1  **IT IS FURTHER ORDERED** if defendants do not respond to the complaint, within five days of defendants' deadline to respond expiring, plaintiff shall apply for entry of defaults. Plaintiff shall file a motion for default judgment within ten days of the entry of defaults.

Dated this 27th day of January, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge